IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK WILLIAM BONINI,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH ARPAIO,<br><br>    Defendant. | No. CV-05-0405-PHX-SMM (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Frank William Bonini (Plaintiff), presently in the custody of the Arizona Department of Corrections, filed with the Clerk of the Court on February 2, 2005, a *pro se* "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1] Plaintiff has not paid the one hundred and fifty dollar ($150.00) filing fee, but he has been authorized to proceed *In Forma Pauperis*.

**RETURNED MAIL**

On September 30, 2005, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on October 20, 2005.

---

[1] When Plaintiff filed the Complaint, he was confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail).

(Document # 3) The order and service packet were mailed by the Clerk of Court to Plaintiff at his last known address at the Durango Jail on October 4, 2005. On August 11, 2005, the mail was returned to the Clerk of the Court with the notations "Not Deliverable as Addressed," and indicating that Plaintiff was released. Since then, Plaintiff has failed to file a Notice of Change of Address, or in any way to notify the Court of his whereabouts. Thereafter the Clerk of the Court researched Plaintiff's address, located Plaintiff in ADOC custody, updated court records and remailed the service packet to Plaintiff in ADOC custody on October 18, 2005. The service packet was not returned to the court as undeliverable, however, to date Plaintiff has failed to return a completed service packet as ordered or to notify this court of his change in address or of any intent to continue to prosecute this case.

Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an incarcerated litigant comply with the instructions attached to the Court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2).

Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes." (Document #2).

**FAILURE TO SERVE**

Furthermore, the order which was remailed to Plaintiff in ADOC custody notified Plaintiff that failure to comply with every provision of the order would result in dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Document #3) The order contained provisions which required Plaintiff to immediately advise the Court and United States Marshal of any change of address and its effective date, and additionally, required waiver of service or complete service of the Summons and Complaint on the Defendant within 120 days of the filing date of the complaint or within 60 days of the filing of the

Order, whichever was later. (Id.) The order notified Plaintiff that failure to comply with either provision would result in dismissal of his case. (Id.)

## FAILURE TO PROSECUTE

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her current address, and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

The order that was remailed to ADOC required Plaintiff to complete and return a service packet for Defendant to the Court by October 20, 2005. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Furthermore, Plaintiff was warned that his failure to acquire a waiver of service from Defendant or to complete service of process on Defendant within 120 days of the date he filed his complaint, or 60 days from the filing date of that order would result in the dismissal of the complaint. The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendant or to complete service of process on Defendant well beyond both of these deadlines.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even

without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address, serve Defendant, or to actively participate in this case prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the "Civil Rights Complaint By A Prisoner" [Doc. No. 1] and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

- 4 -

1  10 days after being served with a copy of this Report and Recommendation.  If objections
2  are not timely filed they may be deemed waived. The parties are advised that any objections
3  filed are to be identified with the following case number: **CV 05-00405-PHX-SMM.**
4      DATED this 27th day of January, 2006.

*Bernardo Velasco*
Bernardo P. Velasco
United States Magistrate Judge